**UNITED STATES of America,**
Appellee,

v.

**NAM PYO KIM, Defendant–Appellant.**

No. 05–6089–cr.

United States Court of Appeals,
Second Circuit.

March 20, 2008.

Daniel L. Stein, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Irving Anolik, Nanuet, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges, Hon. STEFAN R. UNDERHILL, District Judge.*

## SUMMARY ORDER

Defendant–Appellant Nam Pyo Kim was convicted, following a four-day jury trial in January 2005, of receiving stolen property, in violation of 18 U.S.C. § 2315. In October 2005, Kim was sentenced to 41 months' imprisonment, followed by two year's supervised release, and ordered to pay a

$100 special assessment. Restitution was ordered in the amount of $981,318.

On October 26, 2005, Kim timely filed a Notice of Appeal from his conviction. Shortly thereafter, on November 8, Kim filed a motion in district court pursuant to 28 U.S.C. § 2255, seeking vacatur of his conviction based on ineffective assistance of counsel. This Court ordered Kim's direct appeal held in abeyance pending the outcome of the § 2255 hearing in district court. The district court denied Kim's motion on November 29, 2006. Finding that Kim had failed to make a substantial showing of the denial of a constitutional right, the district court also denied Kim's request for a certificate of appealability on December 12, 2006. Kim then filed an appeal to this Court from the denial of his § 2255 motion. In doing so, he sought, as required, a certificate of appealability from us. The appeal from the denial of the § 2255 motion was docketed separately from the direct appeal, and, though a series of letters between the parties confirmed their intention to have the two appeals consolidated, this was not done at the time. Thereafter, a panel of this Court reviewed Kim's § 2255 appeal and, by order dated March 1, 2007, declined to issue a certificate of appealability and, accordingly, dismissed the § 2255 appeal.

The direct appeal, not having been disposed of, is before us today. In his brief to us, Kim contends that his conviction should be vacated and he should be granted a new trial. In support, he makes substantially the same ineffective assistance of counsel arguments that he raised before Judge Griesa in the § 2255 hearing. On direct appeal he can make these arguments without a certificate of appealability.

---

* The Honorable Stefan R. Underhill, United States District Judge for the District of Con-

necticut, sitting by designation.

When we are presented with claims of ineffective assistance in a direct appeal in the ordinary course, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 [motion]; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Leone,* 215 F.3d 253, 256 (2d Cir.2000). The Supreme Court, however, has said that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Consistent with *Massaro,* we decline to hear the claims on direct appeal. Usually, this would result in the claims being considered, subsequently, on a § 2255 petition. In the instant case, however, that consideration has already taken place, and we lack jurisdiction to review it. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255.").[2]

The appeal is therefore DISMISSED.

---

2. Kim argues that his appeal from the denial of his § 2255 motion should be allowed as on March 20, 2007, an order was issued by the Acting Clerk of Court consolidating the direct appeal, No. 05–6089–cr, and the § 2255 appeal, No. 07–0052–pr, "for purposes of briefing and oral argument." As the issuance of a certificate of appealability has been denied by this Court, we lack jurisdiction to entertain such an appeal, *see* 28 U.S.C. § 2253(c)(1)(B), notwithstanding administrative orders that

might suggest the contrary. We also note that to the extent Kim might be appealing Judge Griesa's decision to deny Kim's motion for a new trial, made pursuant to Rule 33 of the Federal Rules of Criminal Procedure during the interim between his trial and sentencing, we find that Kim has failed to present this argument, and we therefore deem it waived. *Tolbert v. Queens Coll.,* 242 F.3d 58, 75 (2d Cir.2001).